IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PROCORO REAL, | § | |
| Petitioner | § | |
| | § | |
| v. | § | 3:14-CV-521-K |
| | § | (3:11-CR-147-K-21) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Procoro Real (a.k.a. Gustavo Gabaldon), a federal prisoner, has filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is ordered that his motion be summarily dismissed. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

I.      **Procedural Background**

Pursuant to a plea agreement, Real pleaded guilty to one count of conspiracy to possess with intent to distribute and distribution of a controlled substance, "ice" (a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity), in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii). *See* Dkt. Nos. 444 & 445 (the factual resume and plea agreement respectively). (All record citations are to the criminal action, No. 3:11-cr-147, unless otherwise noted.) On January 23, 2013, he was sentenced to 192 months' imprisonment. *See* Dkt. Nos. 571 & 573. Judgment was entered January 25, 2013. *See* Dkt. No. 574. There was no direct appeal, and Real's sentence became final on February 8, 2013. *See* FED. R. APP.

P. 4(b)(1)(A).

Real's habeas petition is timely. February 8, 2014 was a Saturday, which made February 10, 2014 the filing deadline pursuant to 28 U.S.C. § 2255(f)(1). *See* FED. R. CIV. P. 6(a)(1)(C). Because Real declared, under penalty of perjury, that he placed his petition in the prison mail system on February 10, 2014, *see* Dkt. No. 622 at 13, it is deemed filed as of that date. *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

## II.    The Forfeiture Issue

Real asserts that his plea was not knowing and voluntary and that his counsel provided constitutionally ineffective assistance. *See* Dkt. No. 622 at 4 & 7. But, upon examination of the petition and the brief filed in support of it [No. 3:14-cv-521-K, Dkt. No. 3], it is clear that Real is merely attacking the government's decision to file a separate civil forfeiture action against his real property. *See* Dkt. No. 622 at 4 ("The Government agreed to delete forfeiture of property[s] [sic] listed on its plea agreement at my plea hearing and after sentencing it comes back and moves to seize the exact same property it had agreed not to take….. I did not appeal not would I be filing this Motion if the government had kept its promise to me not to take my property[.]") and 10 ("[M]y only issue is that the government breached the terms of the plea agreement and if they had not, I would not file this petition[.]").

Paragraph 7 of Real's plea agreement concerned the forfeiture of real and personal property. The portion of that paragraph "agree[ing] to forfeit to the United States of America [certain real] property which [Real] owns and was used, or intended to be used, to facilitate the offense alleged in Count Once of the superseding indictment and was derived from proceeds obtained as a result of that offense" is crossed-out. *See* Dkt. No. 445 at 4-5. Importantly, however, Paragraph 8 of the plea agreement makes clear that the agreement does not "prohibit any civil or administrative proceeding against Gabaldon, a.k.a. Real or any property." *Id.* at 7.

And at Real's sentencing, on January 23, 2013, the United States explained the following at the outset of the hearing

> Your Honor, it's the government's plan very soon, if not today, to file a civil forfeiture action against four pieces of property we believe the defendant has an interest in. We didn't seek them criminally in this case because we don't think criminal forfeiture is the right tool for the right job. We think civil will be a lot quicker and will get to the -- we think we can also resolve that civilly with the defendant's consent fairly quickly….

Dkt. No. 606 at 10:8-15. The government's intent to proceed against the real property civilly was again raised at the conclusion of the hearing. *See id.* at 27:18-24.

On March 4, 2013, the United States filed a complaint *in rem* against the four pieces of real property discussed at sentencing. *See* No. 3:13-cv-941-K, Dkt. No. 1. And Real fought the forfeiture of the real property in that proceeding.

He first moved to hold that proceeding in abeyance, relying on the language "crossed-out" in his plea agreement to argue that the plea agreement precluded the

3

government from pursuing the civil forfeiture action. *See* No. 3:13-cv-941-K, Dkt. No. 26. The government responded that "[w]hile it is true that Real 'crossed out' language criminally forfeiting the defendant property from his plea agreement, that unilateral action did not bind the government on forfeiture matters. The government never agreed, orally or in writing, to forgo any and all forfeiture of the defendant property." *See* No. 3:13-cv-941-K, Dkt. No. 29 at 1-2 (citing Paragraph 8 of the plea agreement).

Real next moved to compel performance of his plea agreement, *see* No. 3:13-cv-941-K, Dkt. No. 35, asserting similar arguments, to which the government responded as before, but also pointed out that at the sentencing, the government "advised the court, Real, and his attorney … that the government planned to file this civil forfeiture action. And neither Real nor his attorney objected to this as a violation of abrogation of the plea agreement." No. 3:13-cv-941-K, Dkt. No. 38.

The Court denied both motions. *See* No. 3:13-cv-941-K, Dkt. Nos. 39 & 40.

III.   **Habeas Claims**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides for summary dismissal "[i]f it plainly appears … that the moving party is not entitled to relief[.]" *Id.* Because Real's motion does not present any basis for collateral relief, it should be summarily dismissed pursuant to Rule 4(b).

Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (*en banc*)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. Furthermore, Real voluntarily pleaded guilty and waived his right to collaterally attack his conviction, except for claims challenging the voluntariness of his plea or waiver and ineffective assistance of counsel. *See* Dkt. No. 445, ¶ 11.

Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "A defendant's waiver of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). Therefore, a defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to ensure that a defendant fully understands his right to appeal and the consequences of waiving that right. *See id.*

Here, in support of his challenge to the civil forfeiture proceedings, Real filed excerpts of the transcript from his re-arraignment, before Magistrate Judge Tolliver, in

which he acknowledged his understanding of the appellate waiver in his plea agreement:

> THE COURT: I'm going to next call your attention to paragraph 11 on page 7 of this plea agreement, and continues to page 8.
>
> It indicates that you are waiving your right to appeal or other otherwise challenge the sentence you will receive in this case except under very limited purposes.
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you understand the waiver of appellate rights that you are giving up?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is that what you want to do?
>
> THE DEFENDANT: Yes.

No. 3:13-cv-941-K, Dkt. No. 35 at 15.

Thus, Real's appellate waiver is knowing and voluntary; with that established, the Court will address in turn his habeas claims.

### A.   Knowing and Voluntary Plea Claim

Real contends that his plea was not knowing and voluntary because the government filed a subsequent civil forfeiture action. *See* Dkt. No. 622 at 4. Although Real implicates his counsel in this claim, the Court will address Real's claim(s) against his counsel below, and will address this claim as an assertion that the government breached the plea agreement by filing a separate civil forfeiture action. Such a claim can be summarily denied for at least two reasons.

First, the government did not breach the plea agreement. As stated above, through Paragraph 8 of the plea agreement, the government made clear that the agreement does not "prohibit any civil or administrative proceeding against Gabaldon, a.k.a. Real or any property." Dkt. No. 445 at 7. Real, moreover, was notified that the government intended to file a civil forfeiture proceeding before he was sentenced. *See* Dkt. No. 606 at 10:8-15. And, once armed with that knowledge, Real did not attempt to withdraw his guilty plea. He instead attacked forfeiture in the civil proceeding, and did not assert, through a habeas proceeding, that his guilty plea was not knowing and voluntary until losing his motions in the civil forfeiture action. *Compare* Dkt. No. 622 (habeas petition), filed Feb. 8, 2014, *with* No. 3:13-cv-941-K, Dkt. Nos. 40 & 43 (orders denying Real's motions, respectively entered Sept. 10, 2013 and Oct. 15, 2013). *Cf. United States v. Mendoza*, 468 F.3d 1256, 1263-64 (10th Cir. 2006) ("[Defendant] argues that the government's effort to seek civil forfeiture breached the terms of his plea agreement. To prevail on this contention, he would have to overcome significant obstacles. He would need to establish that a prohibition on forfeiture was an implied term of his plea agreement. And he would need to establish that the alleged promise to refrain from forfeiting the vehicle was a material inducement for his plea, <u>despite the contrary inference that can be drawn from his decision not to withdraw his plea when he learned of the impending forfeiture</u>." (internal citations omitted and emphasis added)).

7

Second, even if there was a breach of the plea agreement, "it is entirely clear that a breach does not cause the guilty plea, when entered, to have been unknowing or involuntary. It is precisely <u>because</u> the plea was knowing and voluntary (and hence valid) that the Government is obligated to uphold its side of the bargain." *Puckett v. United States*, 556 U.S. 129, 137-138 (2009) (emphasis in original). In *Puckett*, the Supreme Court reaffirmed that a plea agreement is "essentially" a contract. 556 U.S. at 137 ("Although the analogy may not hold in all respects, plea bargains are essentially contracts."); *see also United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005) ("We must interpret the plea agreement like a contract, in accord with what the parties intended."). "Under contract law analysis, when a contract is breached 'we do not say that the voluntary bilateral consent to the contract never existed, so that it is automatically and utterly void; we say that the contract was broken.'" *Davis v. United States*, Criminal No. 7:06–CR–00055, 2009 WL 3853320, at *7 (W.D. Va. Nov. 17, 2009) (quoting *Puckett*, 556 U.S. at 137).

In *Davis*, the court acknowledged that "in certain instances, the analysis of a plea agreement must be conducted at a more stringent level than a commercial contract because the rights involved are generally fundamental and constitutionally based." *Id.* (citation and internal quotation marks omitted). But here, like in *Davis*, *Puckett*'s "contractual analysis applies…. [And, a]ccordingly, even if the government were found to have breached the plea agreement in this case, binding precedent

8

establishes that [Real's] guilty plea would not be considered to be unknowing or involuntary, his guilty plea would not be invalidated, and [Real] would still have waived his right to make this § 2255 collateral attack." *Id.*

### B. Ineffective Assistance of Counsel Claim

Although a guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims, a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *See United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) ("[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.")). To establish ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Here, Real asserts his counsel "coerced [him] to accept the plea by assuring [Real] along with the AUSA that the government would not re-attempt to seize the property that was stricken through at my Rule 11 hearing." Dkt. No. 622.

9

> The Fifth Circuit has recognized that a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though this is inconsistent with representations he made in court when entering his plea, if he proves: 1) the exact terms of the alleged promise; 2) exactly when, where, and by whom the promise was made; and 3) the precise identity of an eyewitness to the promise.

*Kelley v. United States*, Nos. 3:13–CV–0316–K, 3:09–CR–0003–K (1), 2014 WL 1612362, at *4 (N.D. Tex. Apr. 22, 2014) (citing *Cervantes*, 132 F.3d at 1110; *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989)).

A movant must, however, "produce[] independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties, [to be] entitled to an evidentiary hearing on the issue." *Id.* Real has offered no such evidence. And, when, like here, "the movant's 'showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record,' the Court may dispense with his allegations without an evidentiary hearing." *Id.* (quoting *Cervantes*, 132 F.3d at 1110); *see also Sung Bum Chang v. United States*, Civil Action No. 3:08-CV-1963-L, 2010 WL 1711773, at *2 (N.D. Tex. Apr. 27, 2010) ("*Cervantes*, which simply holds that 'a guilty plea may be invalid if induced by defense counsel's unkept promises,' does not support [petitioner's] objection. There is <u>no evidence</u> of unkept promises in this case." (internal citation omitted and emphasis added)).

Real's ineffective-assistance-of-counsel claim is accordingly also due to be summarily dismissed.

### C.  Collateral Estoppel Claim

As another sign that Real is merely attempting to use his habeas petition as a vessel to relitigate the civil forfeiture proceeding, he asserts "collateral estoppel" as a ground for relief—"I had resolved this property issue in my criminal court matters only to have the government relitigate the exact same matters in a civil action, breaching their plea agreement." Dkt. No. 622 at 5. As explained above, there has been no breach of the plea agreement. And, contrary to Real's belief, moreover, "a § 2255 motion is an inappropriate vehicle for seeking the return of forfeited property." *United States v. Adams*, Criminal No. 09–25–ART, Civil No. 10–7138–ART, 2011 WL 2115656, at *7 (E.D. Ky. May 25, 2011) (citing *Anders v. United States*, No. 97–6397, 1998 WL 537568, at *1 (6th Cir. Aug. 7, 1998)).

Because, here, collateral estoppel is not a ground for habeas relief. *See, e.g., Jones v. Quarterman*, Civil No. 7:07–CV–093–O, 2009 WL 614794 at *6 (N.D. Tex. Mar. 10, 2009) ("In a federal habeas corpus proceeding, collateral estoppel does not exist as a cognizable due process claim absent a double jeopardy violation." (citing *Parr v. Quarterman*, 472 F.3d 245, 254 (5th Cir. 2006))). And, assuming it was, it would not survive the knowing and voluntary appellate waiver in Real's plea agreement. *See* Dkt. No. 445, ¶ 11. Thus, this ground is also due to be summarily dismissed.

11

**I.     Conclusion**

For the foregoing reasons, the Court summarily **DISMISSES** Real's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

Signed October 16th, 2014.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE